Mr. Justice MacArthur
delivered the opinion of the court:
"We do not deem it a matter of any consequence in this case to decide whether the affidavit upon which the attachment issued in the suit at law was in conformity to the rules of the court upon that subject, or to the requirements of the statute; nor whether the proper practice was observed in regal’d to the service of interrogatories upon the garnishee; nor whether the judgments were regularly and properly entered. These are all matters of practice, in regard to which the remedy is full, adequate, and complete at Jaw. This appears to have been the belief of the attorney therein, who made a motion in that action to set aside the proceedings for these very causes, and the motion was granted by the Circuit Court; which, however, was reversed by the general term and the judgments reinstated. It is said that the decision of the general term was not upon the merits of the case, but was simply to establish a rule of practice, to wit, that it was irregular to set aside a judgment upon an ex-parie application. This, may be conceded. But if such was the case the motion could be renewed, and such we find to have been the fact; for the motion to set aside the judgment by default was again made by the garnishee by permission of the court, and that application is still pending and undetermined.
These applications afford all the remedy to which the party • is entitled, and leaves the complainant without any grounds of relief in equity.
The jurisdiction of chancery to stay proceedings at law upon a judgment, though well established, is cautiously exercised. Amere defect of jurisdiction is not sufficient. The'party must show in addition that the interference of equity is necessary to prevent injustice, which has not been brought about *151 by the negligence or inattention of the party aggrieved. (2 Story Eq. Jur., sec. 898 ; High on Inj., sec. 85 ; Bateman v. Wilbor. 1 Sch. and Lef., 204, in addition to cases cited in brief by complainants’ counsel.) It must also clearly appear that the party complaining cannot avail himself at law of the equities relied upon to enjoin the judgment. (High on Inj., sec. 86, and cases cited in n. 2.) An application of these principles to the present case must operate to dismiss the complaint. The judgment was founded upon two promissory notes given to Supplee by one Michael J. Brown, and endorsed by Julius S. Bohrer and his wife. There is no averment in the bill denying the execution of the notes or alleging that they were not endorsed by said Julius and wife. The bill states that Julius believes that he has a good and valid defense to the action, but sets forth no explanation of the defense, or of what it consists. This general averment is not sufficient in a bill to stay a judgment rendered by a court at law. It should appear how the defense arises, so that the court may see that the complainant has been deprived of a substantial right without any fault on his own part. Both sides took testimony, and the only defense that can be discovered in the proofs is, that notice of presentment and non-payment was not served on Bohrer as endorser. This, however, is a .good defense at law, and the judgment is not binding upon him without personal service, any further than his credits in the possession of George A. Bohrer at the time of the service of the attachment are concerned; and probably the seventh section of the act of February 22, 1867,14 Stats, at Large, 403, would authorize a judgment after publication, against a defendant who cannot be found, in regard to his real and personal property within the jurisdiction of this court. The only effect of a judgment in such case would be to fix the amount, so that the garnishee need not pay any more than is due. The notes, however, were protested, which would be sufficient to sustain a judgment against the endorser unless the circumstances were such as to show fraud, which is not pretended in the case before us. The bill alleges that George A. Boh *152 rer was garnished in an action at law against the defendant Supplee and Julius S. Bohrer, and that judgment was obtained therein by Greenbury Shaw for the sum of $2,055.36, and that he, the said George A. Bohrer, settled the same for about the sum of $600, which was composed of certain credits of the said Julius which came into bis hands subsequent to the 25th day of May, 1871. It is impossible to comprehend what right this gives the garnishee to come into a court of equity to arrest the judgment. It was an act of his own with which Supplee had no agency, and about which he was not consulted. If he voluntarily paid a debt of Supplee with the' means of Julius in his hands, how can he claim an offset here without showing some knowledge or consent on the part of Supplee ? It would be proper to set up all these matters in answering the interrogatories, and to ask the court at special term for an opportunity to do so. If his motion prevails he can answer, and if it is denied it will undoubtedly be for the reason that there are no merits in his application. Many of these circumstances were relied upon as reasons for opening the judgments in the actions at law. Over four years have elapsed since the judgments were entered, and the statutes of limitations have intervened to bar action on the notes; and as it appears that all the rights of the parties eau be litigated on the law side of the court that have not been already settled, the bill here should be dismissed; and such is the order of the court.